**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| ANTHONY BERNARD BROOKS, | |
| *Plaintiff*, | Civil Case No.: 4:26-cv-02416 |
| -v- | |
| WESTERN EXPRESS, INC. and MONIQUE LASHAY MICHAEL BLACKWELL., | **AMENDED COMPLAINT**<br>(Jury Trial Demanded) |
| *Defendants*. | |

Plaintiff, by and through undersigned counsel, alleges as follows:

PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a citizen and resident of the State of South Carolina.

2.     Defendant Western Express, Inc. ("Western Express Express") is a citizen of the State of Tennessee as it was incorporated in the State of Tennessee and operates its headquarters in Nashville, Tennessee. Western Express is a motor carrier subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), 49 C.F.R. Parts 350–399, and is in the business of hauling freight nationwide.

3.     Defendant Monique Lashay Michael Blackwell ("Blackwell") is a citizen and resident of the State of  North Carolina.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred in Florence, South Carolina, within the Florence Division of this Court.

FACTUAL ALLEGATIONS

6.     On December 7, 2025, Plaintiff was lawfully parked at the TA Travel Center located at 2301 West Lucas Street, Florence, South Carolina.

7.     At that time and place, Blackwell was operating a commercial vehicle owned, leased, maintained, controlled, and/or dispatched by Western Express.

8.     Blackwell was operating the motor vehicle in the course and scope of his employment or agency with Western Express.

9.     The collision that is the subject of this lawsuit occurred when Blackwell crashed the commercial motor vehicle into Plaintiff's parked vehicle.

FIRST CAUSE OF ACTION
(Negligence Against Defendant Blackwell)

10.     Plaintiff adopts and realleges the preceding paragraphs.

11.     Blackwell owed Plaintiff a duty to operate his commercial motor vehicle with reasonable care and in compliance with state and federal safety laws.

12.     Blackwell breached that duty by, among other things:

   a. Making an improper turn;
   b. Failing to yield the right-of-way to Plaintiff's vehicle;
   c. Failing to maintain a proper lookout;
   d. Failing to account for the known limitations of his commercial vehicle;
   e. Operating the vehicle carelessly and recklessly.

13.     As a direct and proximate result of Blackwell's negligence, Plaintiff sustained the injuries and damages described below.

## SECOND CAUSE OF ACTION
(Negligence *Per Se* Against Defendant Blackwell)

14.     Plaintiff adopts and realleges the preceding paragraphs.

15.     Blackwell operation of the commercial motor vehicle violated the FMCSRs, including but not limited to 49 C.F.R. §§ 392.2 and 392.7.

16.     These statutes and regulations were enacted to protect the motoring public, including Plaintiff.

17.     Blackwell's statutory violations constitute negligence *per se* and were a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

## THIRD CAUSE OF ACTION
(Gross Negligence, Recklessness, Willful and Wanton Conduct Against Blackwell)

18.     Plaintiff adopts and realleges the preceding paragraphs.

19.     In addition to the foregoing acts of negligence and negligence *per se*, Blackwell's conduct constituted recklessness, willfulness, and wantonness.

20.     Blackwell knowingly made an illegal turn that posed an extreme and obvious risk to other drivers.

21.     Blackwell's conduct demonstrated a conscious disregard for the safety of others.

22.     Plaintiff is entitled to punitive damages pursuant to South Carolina law.

23.     As a direct and proximate result of Blackwell's reckless, willful, and wanton conduct, Plaintiff is entitled to an award of punitive damages in addition to actual damages.

## FOURTH CAUSE OF ACTION
(Vicarious Liability, *Respondeat Superior* Against Western Express)

24.     Plaintiff adopts and realleges the preceding paragraphs.

25. Western Express is vicariously liable for the negligent, negligent *per se*, reckless, willful, and wanton conduct of its agent and employee, Blackwell.

## FIFTH CAUSE OF ACTION
(Negligent Hiring, Training, Supervision, and Retention Against Western Express)

26. Plaintiff adopts and realleges the preceding paragraphs.

27. Western Express owed Plaintiff a duty to exercise reasonable care in the hiring, training, supervising, and retention of its drivers, including Blackwell.

28. Western Express breached these duties by hiring and retaining Blackwell despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

29. Western Express further breached that duty by failing to ensure Blackwell was properly trained in the safe operation of tractor-trailers, including compliance with federal motor carrier safety regulations, state law, and industry safety standards regarding prohibited and unsafe maneuvers, including improper lane change.

30. Western Express also failed to adequately supervise and monitor Blackwell's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

31. Plaintiff is entitled to recover actual and punitive damages against Western Express for its direct negligence.

## SIXTH CAUSE OF ACTION
(Negligent Entrustment Against Western Express)

32. Plaintiff adopts and realleges the preceding paragraphs.

33.     Western Express entrusted Blackwell with a tractor-trailer despite knowing or having reason to know he posed an unreasonable risk of harm to others.

34.     Plaintiff is entitled to recover actual and punitive damages against Western Express for its direct negligence.

<u>DAMAGES</u>

35.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered damages recoverable under South Carolina law, including:

a.     Past and future medical expenses;
b.     Past and future pain and suffering;
c.     Mental anguish and emotional distress;
d.     Loss of enjoyment of life and impairment;
e.     Permanent injury, permanent scarring and disability;
f.     Lost wages and loss of earning capacity;
g.     Household services and other out-of-pocket expenses;
h.     Pre-and post-judgment interest as allowed by law; and
i.     Punitive damages for reckless, willful, and wanton conduct.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants and deter similar conduct; costs of this action; attorneys' fees; pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

<u>JURY TRIAL DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

/s/ *James G. Biggart II*
JAMES G. BIGGART II, ESQ.

South Carolina Bar No. 106477
Federal ID: 14195
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
biggartlitigation@forthepeople.com
Attorneys for the Plaintiff

August 3, 2026
Charleston, South Carolina