IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Anthony Bernard Brooks,<br><br>Plaintiff,<br><br>vs.<br><br>Western Express, Inc., and Michael Monique Lashay Blackwell<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. **4:26-cv-02416-JD**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

The Defendants, Western Express, Inc. and Monique Lashay Michael Blackwell (collectively "Defendants"), answering the amended complaint of the plaintiff herein, would respectfully allege and show unto the Court as follows:

**FOR A FIRST DEFENSE**

1. Defendants lack sufficient information to form a belief as to the allegations of paragraph 1 and therefore deny the same.

2. In response to paragraph 2, Defendants admit that Defendant Western Express is a citizen of the State of Tennessee incorporated and headquartered in Tennessee that is in the business of hauling freight nationwide. Further responding, the remaining allegations of paragraph 2 state a legal conclusion to which no response is deemed required. To the extent a response is needed, Defendants crave reference to the Federal Motor Carrier Safety Regulations ("FMCSR") and deny any allegations inconsistent therewith.

3. Defendants admit the allegations of paragraphs 3-5.

4. Defendants lack sufficient information to form a belief as to the allegations of paragraph 6, and therefore, deny the same.

5. Defendants admit the allegations of paragraphs 7-8.

6. Defendants admit that a collision occurred between Defendant Blackwell and Plaintiff's vehicle.

7. In response to paragraph 10, Defendants repeat and reallege their previous defenses as if fully repeated herein.

8. Paragraph 11 states a legal conclusion to which no response is deemed required. To the extent a response is required, Defendants deny the allegations of paragraph 11.

9. Defendants deny the allegations of paragraphs 12-13.

10. In response to paragraph 14, Defendants repeat and reallege their previous defenses as if fully repeated herein.

11. Defendants deny the allegations of paragraph 15.

12. In response to paragraph 16, Defendants crave reference to the FMCSRs and deny any allegation inconsistent therewith.

13. Defendants deny the allegations of paragraph 17.

14. In response to paragraph 18, Defendants repeat and reallege their previous defenses as if fully repeated herein.

15. Defendants deny the allegations of paragraphs 19-23.

16. In response to paragraph 24, Defendants repeat and reallege their previous defenses as if fully repeated herein.

17. Defendants deny the allegations of paragraph 25.

18. In response to paragraph 26, Defendants repeat and reallege their previous defenses as if fully repeated herein.

19. Paragraph 27 states a legal conclusion to which no response is deemed required. To the extent a response is required, Defendants deny the allegations of paragraph 27.

20. Defendants deny the allegations of paragraphs 28-31.

21. In response to paragraph 32, Defendants repeat and reallege their previous defenses as if fully repeated herein.

22. Defendants deny the allegations of paragraphs 33-35.

23. To the extent that Defendants need answer, Defendants deny the allegations as provided in the WHEREFORE paragraph.

24. Defendants deny each and every allegation of the plaintiff's complaint not specifically admitted, modified, or explained hereinabove.

**FOR A SECOND DEFENSE**
**(Rule 12(b)(6), FRCP)**

25. Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

26. Plaintiff has failed to state facts sufficient to constitute a cause of action, and the complaint should be dismissed.

**FOR A THIRD DEFENSE**
**(Plaintiff's Negligence)**

27. Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

28. Defendants allege that even assuming they were negligent, careless, grossly negligent, willful, wanton, or reckless in any respect, and that any such conduct on their part operated as a proximate cause of the plaintiff's damages, if any, all of which is expressly denied and admitted solely for the purpose of this defense and no other, that the plaintiff's negligent, grossly negligent, reckless, willful, and wanton conduct contributed more than fifty percent to the

cause of any breach of the standard of care and the plaintiff's resulting injuries and damages, if any. For that reason, the defendants are not liable to the plaintiff in any sum whatsoever.

29. Alternatively, Defendants allege that even if they were negligent, careless, grossly negligent, reckless, willful, or wanton in any respect whatsoever, which is expressly denied and admitted solely for the purpose of this defense and no other, and even if any such conduct on their part operated as a greater than fifty percent cause of the plaintiff's resulting damages, if any, which is also expressly denied and admitted solely for the purpose of this defense and no other, the defendants are entitled to a determination as to the percentage that the plaintiff's negligent, grossly negligent, reckless, willful, and wanton conduct contributed to his damages and to a reduction of any amount awarded to the plaintiff in an amount equal to that percentage of plaintiff's own negligent, grossly negligent, reckless, willful, and wanton conduct.

**FOR A FOURTH DEFENSE**
**(Punitive Damage Cap)**

30. Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

31. Defendants allege that insofar as the complaint seeks punitive damages, such damages are violative of both the United States and South Carolina Constitutions and the defendants plead S.C. Code Ann. § 15-32-530, et. seq. as a cap to the punitive damages claimed in this matter.

**FOR A FIFTH DEFENSE**
**(Failure to Mitigate)**

32. Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

33. Defendants allege that to the extent the plaintiff has failed to mitigate his damages in the manner provided by law, such failure to mitigate constitutes a complete defense and bar to his causes of action.

**FOR A SIXTH DEFENSE**
**(Superseding Acts)**

34. Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

35. Defendants alleges that the damages alleged in plaintiff's complaint, if any, resulted from intervening and superseding acts of persons or entities for whom Defendants are not liable or responsible.

**FOR A SEVENTH DEFENSE**

36. Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

37. Defendants plead all affirmative defenses not otherwise pled in their answer.

WHEREFORE, having fully answered the plaintiff's complaint against Defendants, Western Express, Inc. and Monique Lashay Michael Blackwell pray:

a. That plaintiff's complaint be dismissed with prejudice;

b. That it be awarded their attorney fees, costs and expenses;

c. That this matter be tried by jury; and

d. That Western Express, Inc. and Monique Lashay Michael Blackwell be granted such other and further relief as the Court deems just and proper.

*Signature page follows*

Respectfully submitted,

s/Zachary A. Turner
Eric R. Tonnsen, Federal Bar #09898
Zachary A. Turner, Federal Bar #13841
TONNSEN BACH, LLC
1306 South Church Street
Greenville, South Carolina 29605
Phone: (864) 236-5013
Fax: (864) 312-4191
*etonnsen@tonnsenbach.com*
*zturner@tonnsenbach.com*

Attorneys for Defendants Western Express, Inc. and
Monique Lashay Michael Blackwell

August 19, 2026

Greenville, South Carolina