**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| ANTHONY BERNARD BROOKS,<br><br>*Plaintiff,*<br><br>v.<br><br>WESTERN EXPRESS, INC. and MICHAEL MONIQUE LASHAY BLACKWELL,<br><br>*Defendants.* | Case No. CA-4:26-cv-02416-SAC<br><br>**JOINT RULE 26(f) DISCOVERY PLAN AND LOCAL CIVIL RULE 26.03 REPORT** |

Counsel for Plaintiff and Defendants have conferred and jointly submit the following Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's instructions.

**I. <u>Rule 26(f)(3), FRCP Discovery Plan</u>**

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures will be made:**

Response: The parties have agreed that Rule 26(a)(1) initial disclosures will be made no later than October 16, 2026, in accordance with the proposed Amended Scheduling Order.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Response: The parties will conduct discovery on the subject motor vehicle collision, defendants' direct and vicarious negligence, defendants' affirmative defenses, the nature and extent of plaintiff's injuries, damages and losses, and the facts supporting punitive damages, if any. Discovery should be completed by May 4, 2027, as set forth in the proposed Amended Scheduling Order. The parties do not request discovery in phases. The parties may, in the future, request further amendments to the case scheduling with regard to the discovery period if need and circumstances warrant.

**(C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

Response: Plaintiff intends to conduct discovery concerning ESI associated with the subject commercial vehicle, its operation, maintenance, and the events surrounding the incident, including telematics and event-data-recorder information; GPS and vehicle-location data; route, speed, braking, acceleration, hard-turn, idling, and engine-diagnostics data; dash-camera, inward-facing camera, and other video or image data; electronic logging-device ("ELD") records; driver-monitoring or safety-system data; dispatch communications; fleet-management, maintenance, inspection, repair, and compliance records; mobile-device applications; and data maintained within Defendant's servers, cloud-based storage, fleet-management platforms, or other electronic information systems.

Plaintiff further intends to seek relevant ESI maintained by third-party vendors, service providers, and custodians, *e.g.*, Lytx or Samsara, and any other provider of telematics, tracking, camera, driver-monitoring, dispatch, maintenance, or fleet-management services through requests to Defendant and, if necessary, direct subpoenas for nonprivileged information relevant to the claims and defenses in this action.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including, if the parties agree on a procedure to assert these claims after production, whether to ask the court to include their agreement in an order.**

Response: The parties are unaware of any issues regarding claims of privilege or protection as trial materials and do not, at this time, seek any order from the Court. The parties agree that if they believe discovery production warrants a confidentiality order, the parties will first meet and confer in an effort to arrive at a mutually agreeable modified plan of document production before involving the Court.

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Response: Other than those proposed in the Amended Scheduling Order, the parties are not aware of any limitations on discovery at this time.

**(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Response: None at this time.

## II. <u>Local Civ. Rule 26.03 (D.S.C.) Disclosures</u>

**1. A short statement of the facts of the case.**

Response: The case involves a December 7, 2025, collision at the TA Travel Center in Florence, South Carolina. Defendant Blackwell, operating a tractor-trailer in the course and scope of her employment or agency with Western Express, Inc., collided with the Plaintiff's parked vehicle, who was inside the sleeper berth at the time. Plaintiff's complaint alleges negligence, negligence per se, and gross negligence/recklessness against Defendant Blackwell, and vicarious liability against Western Express, Inc. Plaintiff contends he was injured during the collision. Defendants deny the allegations in Plaintiff's complaint.

2. **The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

Plaintiff's Response:

The parties anticipate Plaintiff, Defendant Blackwell, employees and corporate representatives of Western Express, and Plaintiff's treating physicians to testify regarding the subject collision, the allegations and defenses in the complaint and answer, and plaintiff's losses, injuries and damages.

Defendants' Response:

Defendants require discovery regarding the plaintiff's allegations, Defendant's potential defenses, and other matters relevant to this case. Accordingly, Defendants cannot identify all fact witnesses it is likely to call and what their testimony is likely to be at this preliminary stage. At this time, Defendants anticipate calling Defendant Blackwell who was operating Defendant Western Express's vehicle and can testify to the facts and circumstances which led to the collision. Defendants anticipate calling responding officers who will testify as to the facts and circumstances following the collision. Defendants also anticipate calling plaintiff's past and present employers in addition to any medical providers. Defendants reserve the right to call additional witnesses, to elicit testimony from witnesses beyond the scope described, and to call any witnesses identified by the plaintiff.

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Response: The parties have not yet determined what experts may be needed for trial in this matter but will provide this information, once known, in accordance with the Conference and Scheduling Order. The parties reserve the right to name witnesses discovered during discovery and to call at the trial of this case any witness, whether fact or expert, listed by any party. The parties anticipate that the subject matter of these experts will be in the areas of damages.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Plaintiff's Response:

Plaintiff contends that Defendant Blackwell was negligent, negligent per se and reckless in the operation of a commercial vehicle, for which Defendant Western Express is vicariously liable. Plaintiff also contends Defendant Western Express was negligent in the maintenance of its vehicle, and the hiring, supervision, entrustment, training and retention of Defendant Blackwell. Plaintiff seeks damages for his injuries and losses.

Defendant's response:

Defendants require discovery regarding the plaintiff's allegations, Defendant's potential defenses, and other matters relevant to this case. Accordingly, Defendants cannot identify all potentially applicable defenses that may arise. Defendants reserve the right to assert other defenses that may arise in the course of discovery.

Concerning the plaintiff's factual allegations asserted in the complaint, Defendants crave reference to their specific admissions and denials as stated in their answer. As to the plaintiff's causes of action, Defendants respond as follows:

1. Defendants allege that the plaintiff's complaint fails to state facts sufficient to constitute a cause of action against it. For that reason, plaintiff's complaint should be dismissed pursuant to Rule 12(b) of the *Federal Rules of Civil Procedure*.

2. Defendants allege that even assuming they were negligent, careless, grossly negligent, willful, wanton, or reckless in any respect and that any such conduct on their part operated as a proximate cause of the accident and the plaintiff's resulting injuries and damages, if any, all of which is expressly denied and admitted solely for the purpose of this defense and no other, that the plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed more than 50% to the cause of the accident and the plaintiff's resulting injuries and damages if any. For that reason, Defendants are not liable to the plaintiff in any sum whatsoever. *Nelson v. Concrete Supply Co*., 303 S.C. 243, 244, 399 S.E.2d 783, 784 (1991).

3. Defendants allege that even assuming they were negligent, careless, grossly negligent, willful, wanton or reckless in any respect, which is expressly denied and admitted solely for the purpose of this defense and no other, and even if such conduct on their part operated as a greater than 50% cause of the accident and the plaintiff's resulting injuries and damages, if any, which is also expressly denied and admitted solely for the purpose of this defense and no other, it is entitled to a determination as to the percentage which the plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed to the accident and to a reduction of any amount awarded to the plaintiff in an amount equal to that percentage of the plaintiff's own negligent, grossly negligent, reckless, willful and wanton conduct. *Nelson v. Concrete Supply Co*., 303 S.C. 243, 244, 399 S.E.2d 783, 784 (1991).

4. Defendants allege that to the extent the plaintiff has failed to mitigate her damages in the manner provided by law, such failure to mitigate constitutes a complete defense and bar to

her causes of action. *Tri-Cont'l Leasing Corp. v. Stevens, Stevens & Thomas, P.A.*, 287 S.C. 338, 342, 338 S.E.2d 343, 346 (Ct. App. 1985).

5. Defendants allege that, even if they were negligent or reckless in any respect, which is expressly denied, and admitted solely for the purpose of this defense and no other, they were not liable to the plaintiff for the resulting damages, if any, because of the intervening negligent, grossly negligent, reckless, willful and wanton acts of third parties that are named as defendant or whose identity is unknown at the present time, which negligent and reckless acts on their part were not reasonably foreseeable, and intervened and acted as the direct and proximate cause of the damages, if any, sustained by the plaintiff. *Young v. Tide Craft, Inc.*, 270 S.C. 453, 462-63, 242 S.E.2d 671, 675 (1978).

6. Defendants allege that insofar as the complaint seeks punitive damages, such damages are violative of both the United States and South Carolina Constitutions.

**5. Absent special instructions from the assigned Judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02.**

Response: A consent proposed Amended Scheduling Order is being submitted contemporaneously herewith, proposing the following deadlines: initial disclosures by October 16, 2026; motions to join parties or amend pleadings by February 2, 2027; Plaintiff's expert disclosures by March 4, 2027; Defendants' expert disclosures by April 4, 2027; records custodian affidavits by April 4, 2027; discovery completion by May 4, 2027; other motions (excluding evidentiary and discovery motions) by May 11, 2027; mediation completed by May 18, 2027; and trial to be called the later of sixty (60) days after resolution of dispositive motions or on or after July 11, 2027.

**6. Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

The parties are not aware of any special circumstances that would affect the time frames applied in preparing the scheduling order.

**7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

Response: The parties do not believe that a confidentiality order is necessary. The parties are also aware of their right to consent to trial before a magistrate judge, reserve this right, and will inform the Court of whether they intend to exercise this right at an appropriate time in advance of trial but at this time do not consent.

*Signature page follows*

Respectfully submitted,

**TONNSEN BACH, LLC**

s/ Zachary A. Turner

Eric R. Tonnsen, Federal Bar #09898
Zachary A. Turner, Federal Bar #13841
TONNSEN BACH, LLC
1306 South Church Street
Greenville, South Carolina 29605
Phone (864) 236-5013
Fax (864) 312-4191
*etonnsen@tonnsenbach.com*
*zturner@tonnsenbach.com*

**ATTORNEYS FOR THE DEFENDANTS**

Greenville, SC

September 25, 2026

s/ James G. Biggart II

James G. Biggart II, Federal Bar #14195
MORGAN & MORGAN
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405

**Attorney for Plaintiff**